## UNITED STATES v. SIMON et al.

(Circuit Court of Appeals, Second Circuit. November 15, 1899.)

### No. 13.

BONDS—GOVERNMENT CONTRACTORS—ACTION.

A plaintiff cannot recover on a bond given by a contractor for government work under Act Aug. 13, 1894 (28 Stat. c. 280), on an allegation that such contractor is indebted to him for work and material supplied in the prosecution of the work, where the only evidence in support of such allegation is that plaintiff hired certain barges to a third person, to whom they were charged, and shows no contract relation with defendant.

In Error to the Circuit Court of the United States for the Southern District of New York.

Howard P. Okie, for the United States.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The act of August 13, 1894 (chapter 280, 28 Stat.), provides that any person or persons entering into a formal contract with the United States for the prosecution of any public work shall be required before commencing such work to execute the usual bond, with sureties, with the additional obligation that "such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials in the prosecution of the work provided for in such contract." It further provides that the person or persons supplying such labor and materials shall have a right of action, and may bring suit on the bond in the name of the United States for his or their use and benefit. The defendant Kaufman Simon on September 8, 1896, entered into a contract with the government for certain dredging in the Patchogue river. The bond required by the act of 1894 was at the same time executed by the three defendants, conditioned for the faithful performance of the contract, and also that the said Kaufman Simon "shall promptly make full payments to all persons supplying him labor or materials in the prosecution of the work."

The corporation for whose use and benefit this action was brought alleged in the complaint that:

"On June 22, 1897, the said defendant Kaufman Simon was indebted to the said Sheridan & Shea Company in the sum of $3,212.99 on an account for goods sold and delivered to defendant, and for labor and materials furnished at the request of said defendant in the prosecution of the work provided for in said contract."

Upon the trial, plaintiff wholly failed to prove these allegations. It appeared by the undisputed evidence of the president of the Sheridan & Shea Company that he chartered three scows to a gentleman representing the firm of E. R. Jackson & Co. This gentleman was their foreman, and, after making oral arrangements with him, the terms of the contract between the two corporations were embodied in a letter which was exchanged between them and which was offered on the trial, and marked 'Exhibit A,' but, for some unaccountable reason, does not appear in the record. The contract having been

made with Jackson & Co., the scows were duly furnished to them. The charges for their use were made against Jackson & Co. on the books of the Sheridan & Shea Company. The bills were sent to Jackson & Co., and efforts made to collect from them. Jackson's foreman stated to Sheridan that "his work was for the government, down at Patchogue"; that it was for that he wanted the scows. Subsequently Sheridan had a conversation with Kaufman Simon in which he told him he had made a contract with Jackson & Co., and asked him about their standing, to which he (Simon) replied that they were perfectly responsible, and also told him (Sheridan) the nature of the work at Patchogue. This certainly falls far short of proof of a supplying to Simon of labor or materials in the prosecution of the work, and counsel for the plaintiff in error wholly fails to indicate upon what theory he contends that defendant is responsible. The only suggestion contained in the brief is that the circuit judge erred in holding that "furnishing scows to move materials to be used on the contract was not supplying labor or furnishing materials, within the meaning of the bond." Careful examination of the record, however, fails to disclose any such holding. Judgment affirmed.